ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 31 AM 8: 20

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

STANLEY R. GRACEY,           )
                             )
        Movant,              )
                             )
v.                           )    CV 104-28
                             )    (CR 101-20)
UNITED STATES OF AMERICA,    )
                             )
        Respondent.          )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Movant filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255. The government has filed its response to the motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED,** and that this civil action be **CLOSED.**

### I. BACKGROUND

On March 12, 2001, a grand jury sitting in the Southern District of Georgia returned an indictment charging movant with possession with intent to distribute five grams or more of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), and charging movant and a coconspirator with conspiracy to distribute and to possess with intent to distribute fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846. Movant pleaded guilty to the conspiracy charge on June 14, 2001.

A United States Probation Officer then prepared a Presentence Investigation Report ("PSR"). In the PSR, the Probation Officer recommended a two-level enhancement under United States Sentencing Guidelines ("Guidelines") Section 2D1.1(B)(1) based on the possession of a firearm by movant's coconspirator and firearms found in movant's vehicle and residence.

At a September 27, 2001, sentencing hearing, movant did not object to the application of the Section 2D1.1(B)(1) firearms enhancement. Movant did object to other aspects of the PSR and urged the sentencing judge to apply the "safety valve" reduction found in Guidelines Section 5C1.2, under which a judge may impose a sentence under the statutory minimum when certain conditions, including absence of firearm possession, are met. The sentencing judge chose not to apply Section 5C1.2, finding that movant had "actual possession" of firearms throughout the conspiracy. Doc. 65, Sent. Tr. at 43-45. The Court sentenced movant to 360 months in prison and five years supervised release.

Movant appealed the sentence on grounds other than the Section 2D1.1(B)(1) firearms enhancement and the Section 5C1.2 safety valve reduction, but the Eleventh Circuit affirmed the sentence on June 6, 2002. Movant did not file a petition for writ of certiorari. On October 6, 2003, the Court cut movant's sentence to 180 months under Rule 35(b) of the Federal Rules of Criminal Procedure.

Movant filed the instant motion on February 23, 2004. The district judge denied the motion as untimely on March 26, 2004. Movant appealed the denial, arguing that while the Clerk did not receive the motion until February 23, 2004, and movant's limitations period under Section 2255 ¶6(1) expired on September 5, 2003, he executed and attempted to file

the motion on August 1, 2003. According to movant, the August 1, 2003, version of his motion was lost in the mail. The Eleventh Circuit vacated the denial of the motion and remanded the case for a factual determination as to whether movant filed his motion on August 1, 2003.

## II. DISCUSSION

### A. Timeliness

The Eleventh Circuit remanded the instant motion for the Court to determine "whether Gracey, in fact, first gave a copy of his § 2255 motion to prison authorities on August 1, 2003." Doc. 106 at 3. According to movant, he wrote three letters to the Clerk inquiring about his motion after noticing that it had not been docketed. The letters, if they indeed were sent and received, were not docketed by the Clerk and are not available to the Court. Records at the Federal Correctional Institute in Estill, South Carolina, where movant was housed, do not reflect that movant mailed certified or registered mail on August 1, 2003. Thus, the Court is unable to verify from the record before the Court or from prison records that movant mailed a Section 2255 motion on August 1.[1] Because the instant Section 2255

---

[1] The Eleventh Circuit suggested that prison logs would reveal whether movant mailed anything on August 1, 2003, or whether he purchased postage on or before that date. Doc. 106 at 4. While prison records do not show evidence of movant mailing certified or registered mail and show sporadic purchases of stamps during 2003, the mailing of non-certified or non-registered mail is not logged by the prison. Doc. 109 at 9. Thus, the prison would have no record of movant mailing a Section 2255 motion on August 1, 2003, if he used regular mail.

3

should be denied on other grounds for the reasons stated *infra*, however, the Court need not make a factual finding on timeliness.[2]

### B. Movant's PSR

Movant rests his Section 2255 motion on the claim that his counsel performed ineffectively in failing to challenge the Section 2D1.1(b)(1) enhancement on direct appeal. According to movant, sufficient evidence did not exist to support the sentencing judge's application of the enhancement, and his attorney should have raised the issue in his appeal.

The Eleventh Circuit has held that, "where a defendant was given an opportunity to examine his [PSR], in order to bring a Rule 32 issue in a post-conviction proceeding, the defendant must have objected to the presentencing report at trial. To raise it for the first time post-judgment is too late." United States v. Peloso, 824 F.2d 914, 915 (11th Cir. 1987). A Section 2255 movant in Simmons v. United States, 777 F.2d 660 (11th Cir. 1985), raised a claim that his PSR contained erroneous information, and that he had unsuccessfully urged his attorney to object to the PSR because of the erroneous information. In rejecting his claim, the Eleventh Circuit noted that the movant "and his attorney had access to the [PSR] before sentencing, had an opportunity to raise objections and did so, but did not include the objections now made. This comes too late." Id. at 661-62.

---

[2] To be clear, the Court is not accepting movant's representation about mailing the Section 2255 motion on August 1, 2003, as true. Instead, the Court defers such a factual finding and rests its recommendation on other grounds. With no court or prison records to support or contradict movant's claimed filing date, testimonial evidence would be necessary for the Court to make a factual finding. In the interest of judicial economy, the Court defers such a factual inquiry and instead rests its recommendation on other grounds.

Like the movant in Simmons, movant here claims that his PSR contained erroneous information and that he unsuccessfully urged his attorney to object to the information in the PSR at sentencing. Also like the movant in Simmons, movant here had access to the PSR prior to sentencing, and he had opportunity to raise objections himself at sentencing. PSR Add., Doc. 65, Sent. Tr. at 6-7, 39. Because he failed to object at sentencing, he is barred from doing so now in a postconviction proceeding.

Even if movant were not so barred, his ineffective assistance of counsel claim lacks merit. To succeed in an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), a movant must show both that counsel's performance was ineffective and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic trial decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable - - is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted...." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95).

At sentencing, movant's counsel stated that he did not "have an argument against [the Section 2D1.1(b)(1) enhancement] because under the laws of conspiracy [movant] cannot win that argument." Doc. 65, Sent. Tr. at 6-7. Under those conspiracy laws in the Eleventh Circuit, the possession of a firearm by a coconspirator will support an enhancement where the coconspirator has been so charged, the coconspirator possesses the firearm in furtherance of the conspiracy, the defendant receiving the enhancement was a part of the conspiracy at the time of firearm possession, and the firearm possession was reasonably foreseeable to the defendant receiving the enhancement. United States v. Gallo, 195 F.3d 1278, 1282 (11th Cir. 1999); United States v. Otero, 890 F.2d 366, 367 (11th Cir. 1989).

While movant's counsel did not object to the Section 2D1.1(b)(1) enhancement, his request for a Section 5C1.2 safety valve departure did implicate the firearm possession issue. In response to the argument of movant's counsel, the sentencing judge noted the evidence of record and found that firearms were "certainly in [movant's] actual possession throughout

the commission of many of the operative and overt acts of this conspiracy." Doc. 65, Sent. Tr. at 43-45. Even if movant's counsel had raised the Section 2D1.1(b)(1) issue on appeal, the evidence of record supported the application of the enhancement. Movant is unable to show that the outcome of his sentencing hearing would have been different if his counsel had objected to the enhancement, and he is unable to show that such an objection would have been warranted under the law or the facts of this case. Accordingly, even if movant were not barred from raising the issue by his silence during the sentencing hearing, his ineffective assistance of counsel claim lacks merit.

## III. CONCLUSION

For the foregoing reasons, the Court finds that movant is not entitled to relief under Section 2255. The Court therefore **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED,** and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 31st day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE